IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DANIEL ECHAVARRI | § | CIVIL ACTION NO.: 5:16-CV-106 |
| | § | |
| Plaintiff | § | |
| | § | |
| V. | § | |
| | § | PLAINTIFF'S ORIGINAL |
| JEREMY EARNHEART AND EPC | § | COMPLAINT |
| TRUCKING, LLC. | § | |
| | § | |
| Defendants | § | |
| | § | JURY DEMAND |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW **Daniel Echavarri,** Plaintiff, and files this, his Original Complaint, complaining of Defendants **Jeremy Earnheart and EPC Trucking, LLC.** (hereinafter "Defendants"), and for cause of action would respectfully show unto the Court the following:

**I.**

**VENUE AND JURISDICTION**

1. This Court has jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of fees and costs and this is a suit between citizens of different states.

2. Venue as to this petition is proper in the Western District of Texas, San Antonio Division under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

**II.**

**PARTIES**

1

3. Plaintiff. Daniel Echavarri is a natural person and at all times relevant to this cause of action has been and continues to be a resident of San Antonio, Bexar County, Texas.

4. Defendant. Jeremy Earnheart, ("Earnheart") is a natural person and at all times relevant to this cause has been and continues to be a resident of Malden, Dunklin County, MO. Defendant Earnheart can be served by serving him at his residence at 1711 Towery, Malden, MO 63863.

5. Defendant. EPC Trucking LLC, ("EPC Trucking") is an Arkansas corporation with its principle office in Piggott, AR. Defendant EPC Trucking may be served by serving its officer for service of process, Edmund G. Poole, EPC TRUCKING, LLC, 845 N. 2nd Avenue, Piggott, Arkansas, 72454.

### III.

### FACTS

6. On December 8, 2015, Plaintiff was driving a 2002 Toyota Tundra on the 4500 block of NE Loop 410, San Antonio, Texas. As Plaintiff's vehicle slowed down due to slowed traffic in front of him, he was rear-ended by a 2001 Freightliner Conventional Tractor Trailer being driven by Jeremy Earnheart and owned and operated by EPC Trucking, LLC. As a result of the collision, Plaintiff suffered severe and debilitating injuries.

### IV.

### AGENCY AND RESPONDEAT SUPERIOR

7. At the time of the collision and the occurrences giving rise to this cause of action, Defendant Earnheart was the operator of the truck and trailer owned by Defendant EPC and was an employee of EPC.

8. Defendant EPC, at the time of the collision was, upon information and belief, an interstate carrier or federal motor carrier.

9. At all times material hereto, Defendant EPC was acting within the course and scope of his employment or official duties for Defendant EPC and in furtherance of the duties of his office or employment for Defendant EPC.

10. Moreover, at the time of the collision and at all other times relevant hereto, Defendant EPC was operating under the authority of Defendant EPC as an interstate or federal motor carrier.

11. Defendant EPC, as the employer and motor carrier, is responsible for the negligent acts or omissions of Defendant EPC under the principles of respondeat superior and/or by virtue of statutory provisions including the Federal Motor Carrier Safety Act.

## V.

## NEGLIGENCE

12. Plaintiff would show that, on the occasion in question, Defendants owed a duty to conduct themselves in a manner consistent with the traffic laws of the State of Texas and to act as a reasonably prudent person and/or entity would act.

13. Defendant Earnheart breached his duty to Plaintiff and acted in a manner that was negligent or negligent per se by engaging in wrongful conduct including, but not limited to:

   a. Failing to keep such a proper lookout as a person exercising ordinary prudence would have kept under the same or similar circumstances;

   b. Failing to control speed;

   c. Failing to take timely or proper evasive action to avoid the collision in question;

   d. Failing to pay attention;

      e.      Failing to control the subject vehicle so that a collision would not occur; and

      f.      Failing to properly maintain the tractor and trailer in a safe operation condition.

14. Defendant EPC had a duty to exercise ordinary care to hire, train and supervise its driver with respect to ensuring that he was and would continue to be a safe driver with knowledge of the matters necessary for the proper operation of the vehicle that he controlled.

15. Defendant EPC breached its duty because it knew or should have known that Defendant EPC was not a capable, qualified and knowledgeable driver.

16. Defendant EPC breached its duty because it failed to provide the necessary training for Defendant Earnheart to operate his vehicle in a safe manner and in conformity with the requirements of the law.

17. Defendant EPC breached its duty because it failed to supervise Defendant Earnheart to ensure that he operated his vehicle in a safe manner and could accomplish his work assignments in a safe manner.

18. Defendant EPC had a duty to exercise ordinary care in maintaining and repairing the subject tractor and trailer. Defendant EPC breached that duty by allowing the tractor and trailer to be operated when the condition of the brakes should have deemed the tractor and trailer out of service.

19. Each of Defendants' acts and omissions, singularly or in combination with others, constituted negligence and/or negligence per se that proximately and substantially caused the occurrence made the basis of this action, and the personal injuries and damages sustained by Plaintiffs.

20. Plaintiff would show that, as a proximate cause of Defendants' negligence, as described herein, Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

## VI.

## DAMAGES

21. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe personal injuries, pain, suffering, mental anguish, disability, impairment, and disfigurement, lost wages, lost earning capacity, and incurred reasonable and necessary medical expenses for the care and relief of his injuries.  For a long time to come, if not for the rest of his life, Plaintiff will continue to suffer physical injuries, physical impairment, disfigurement, pain and suffering, and mental anguish.   Additionally, as a result of the incident, Plaintiff will incur reasonable and necessary medical expenses in the future.  Plaintiff now sues for all of these damages in an amount that exceeds the minimum jurisdictional limit of this Court.

22. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff asserts that he is seeking monetary relief in between $200,000.00 and  $1,000,000.00.

23. Plaintiff is entitled to recover pre-judgment and post-judgment interest as allowed by law.

## VII.

## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

24. Plaintiff is entitled to recover all pre-judgment and post-judgment interest as allowed by law, along with his costs of court.

## VIII.

## CONDITIONS PRECEDENT

25. All conditions precedent have been performed or have occurred to support the Plaintiff's pleadings and causes of action.

## IX.

## **REQUEST FOR JURY TRIAL**

26. Plaintiff respectfully requests a trial by jury and has paid the jury fee.

**THEREFORE,** Plaintiff requests that Defendants be cited to appear and answer herein and that on final trial, Plaintiff have judgment against Defendants for:

1. All medical expenses in the past and future;

2. Mental anguish in the past and future;

3. Physical pain in the past and future;

4. Physical impairment in the past and future;

5. Lost wages;

6. Lost earning capacity;

7. Disfigurement in the past and future;

8. Pre- and post-judgment interest as allowed by law;

9. Costs of suit; and

10. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**WYATT LAW FIRM, LTD.**
70 NE Loop 410, Suite 725
San Antonio, Texas 78216
Telephone:  (210) 340-5550
Facsimile:  (210) 340-5581

By: */s/ Paula A. Wyatt*
Paula A. Wyatt
State Bar No. 10541400

pwyatt@wyattlawfirm.com
James Perrin
State Bar No. 24027611
jperrin@wyattlawfirm.com
Nathaniel Mack, III
State Bar No. 24078896
nmack@wyattlawfirm.com
**ATTORNEYS FOR PLAINTIFF**